NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN GENE LAU & AMBER WADDELL LAU, <br><br> Debtor. <br><br>——————————————— <br><br> ALAN GENE LAU & AMBER WADDELL LAU <br> Appellants, <br><br> v. <br><br> RUSSELL PRIOR & CHERYL PRIOR <br> Appellees. | No. 23-60012 <br><br> BAP No.  CC-22-1087 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Bankruptcy Appellate Panel for the Ninth Circuit

Submitted February 16, 2024[**]
Pasadena, California

Before: TALLMAN, IKUTA, and OWENS, Circuit Judges.

Appellants Alan Gene Lau and Amber Waddell Lau ("the Laus") appeal the

Bankruptcy Appellate Panel's judgment affirming a Central District of California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed.  R. App. P. 34(a)(2).

1                                                    23-60012

Bankruptcy Court ("court") finding of a $135,000 nondischargeable debt under 11 U.S.C. § 523(a)(2)(A). This debt is owed to Russell Prior and Cheryl Prior ("Appellees" or "the Priors") and arises from Alan Lau's fraud in failing to disclose structural and foundation defects in a house ("Property") he sold Appellees. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 158, and we affirm.

The Laus assert the court erred in the determination of damages. California Civil Code § 3343(a) provides: "One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction . . . ." Here, based on a historical appraisal, the court determined the actual value the Priors received in purchasing the Property was $455,000. Because the Priors had paid the Laus $590,000, the amount specified by section 3343(a) was $135,000. We review this factual finding for clear error. *In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 995 (9th Cir. 2020).

Given the evidence of concerns related to the Property's foundation in 2016, and the Laus' failure to offer evidence contradicting the appraisal's assumptions, it was not clear error for the court to accept the appraisal's $455,000 valuation and its reliance on Foundation Tech's 2017 estimate as part of its determination. Nor did

the court clearly err in applying the measure of damages specified by section 3343(a), rather than looking to the discount from the Priors' asking price in their 2020 sale of the Property.

**AFFIRMED**.